UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**PLATINUM CORRAL, L.L.C.,**<br><br>Debtor. | CASE NO. 21-00833-5-JNC<br>CHAPTER 11 |

**MOTION FOR AN OMNIBUS ORDER (I) AUTHORIZING AND APPROVING REJECTION OF CERTAIN UNEXPIRED LEASES AS OF THE PETITION DATE, (II) ABANDONMENT OF *DE MINIMIS* ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF**

**ANY PARTY RECEIVING THIS MOTION SHOULD LOCATE ITS NAME AND LEASE ON EXHIBIT 1 ATTACHED TO THE MOTION**

NOW COMES Platinum Corral, L.L.C. (the "Debtor"), by and through its undersigned counsel, and respectfully moves this Court pursuant to §§ 365, 554 and 1107 of the Bankruptcy Code and Rules 6006, 6007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order (a) authorizing and approving the rejection of certain unexpired leases of nonresidential real property, including any amendments, modifications, or subleases therefore (each a "Lease", and collectively the "Leases") as of the Petition Date, (ii) the abandonment of certain De Minimis Assets (as defined below), that may be located at the Premises, free and clear of all liens, claims, interests and encumbrances (collectively, the "Encumbrances"), and (b) granting related relief, and in support thereof, shows unto the Court as follows:

1.  On April 9, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and the Debtor continues in possession of its assets, operates its business, and manages its properties as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The Debtor is a North Carolina limited liability company that presently conducts its business operations at ten (10) restaurant locations in North Carolina and Virginia (the "Open Locations").

## BACKGROUND

4. The Debtor was formed in 1996 and initially acquired and operated two (2) Golden Corral restaurants. Over the years, the Debtor grew to over thirty (30) Golden Corral restaurants under the leadership of Louis William (Billy) Sewell, III ("Mr. Sewell").

5. The Debtor is headquartered in Jacksonville, North Carolina, and in 2019 it owned and operated a total of twenty-eight (28) Golden Corral restaurants located in North Carolina (11), Virginia (6), South Carolina (1), Ohio (4), West Virginia (3), and Kentucky (3).

6. Assisted by an experienced management team and loyal employees, Mr. Sewell has served as the Debtor's CEO and President since on or about June 2000 and he has served as the Debtor's sole manager since on or about March 8, 2011. The Debtor's members currently include Mr. Sewell (87.5%) and John Pierce ("Mr. Pierce") (12.5%).

7. Over the years, the Debtor has received recognition for its efforts toward employee retention by nationally recognized industry media, and was twice recognized by Golden Corral Corporation for its internal programs to promote employees. In 2019, eleven (11) of the Debtor's restaurant locations received Golden Corral's Operations Excellence Awards – which only twenty-five (25) of Golden Corral's five hundred (500) restaurants receive annually. The Debtor is the

second largest franchisee in the Golden Corral corporate system, and in 2019 had its best year ever when its gross sales were in excess of $89 Million.

8. Prior to the commencement of this Chapter 11 case, by declaration of the President of the United States on March 13, 2020, as well as stay at home orders issued by the Governors of the states in which the Debtor operated, all of the Debtor's restaurant operations were suspended due to the COVID-19 restrictions imposed. As of March 31, 2020, all of the restaurants were closed with the exception of a couple of locations in which the Debtor continued to provide goods and services to various schools and Meals-on-Wheels programs as well as the sale of groceries and related items for pick-up. As restrictions have been loosened, the Debtor has reopened and operated as many as eleven (11) restaurants, and currently operates the Open Locations for dine-in and take-out services subject to current restrictions and is returning to more robust operations as conditions allow.

9. Currently, the Debtor plans to reopen two (2) additional restaurant locations in the second quarter of 2021 (however, one such location is the subject of this Motion since it is included in a Master Lease (as defined below)), and it is also reviewing locations that were underperforming for possible permanent closure.

## REQUESTED RELIEF

10. Prior to the Petition Date, the Debtor ceased its restaurant operations at various locations, including fourteen (14) locations identified on Exhibit 1 (the "Closed Restaurants"), and removed its tangible personal property from each Closed Restaurant location (the "Premises"). Exhibit 1 includes references to Open Locations (or locations that the Debtor may wish to reopen) that are subject to certain master leases with Store Master Funding III, LLC and SVCN 45, LC (the "Master Leases").

11. The Debtor did not remove certain tangible personal property located at the Premises that, in the Debtor's business judgment, is of no value, inconsequential value, or is burdensome to the Debtor's estate (the "De Minimis Assets").

12. The Debtor seeks authority to reject the Leases for the Closed Restaurants (and certain other locations that are the subject to the Master Leases) as of the Petition Date, and abandon the De Minimis Assets free and clear of all Encumbrances.

## BASES FOR RELIEF

13. Sections 365(a) and 1107 of the Bankruptcy Code authorize a debtor-in-possession to reject any executory contract or unexpired lease, subject to bankruptcy court approval. Although §365(a) does not provide a standard for determining when rejection is appropriate, bankruptcy courts have traditionally applied the "business judgment" standard in determining whether to permit the rejection of an executory contract or unexpired lease. *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco),* 465 U.S 513, 523 (1984); *See Lubrizol Enters., Inc., v. Richmond Metal Finishers (In re Richmond Metal Finishers, Inc.),* 756 F.2d 1043, 1046-47 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986). The decision to reject a lease or executory contract is to be accepted unless it is shown that the Debtor's decision was one made in bad faith or in gross abuse of Debtor's retained business discretion. *See Id.*

14. Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The right to abandon property is, except for certain exceptions inapplicable in the present case, unfettered. *See generally Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 506-07 (1986)* (noting one such exception and holding that § 554(a) does not preempt state laws aimed at protecting the public's health and safety).

15. The Debtor has determined in the exercise of its reasonable business judgment to reject the leases for the Closed Restaurants and all locations included in the Master Leases, vacate and surrender the Premises and abandon the De Minimis Assets located therein.

16. While the Open Locations included in the Master Leases have significant value to the Debtor's estate, the Leases for the Closed Restaurants have no economic value to the Debtor's estate and constitute an unnecessary drain on the estate's resources. While it would be economically beneficial to the Debtor, its creditors and the estate for the Debtor to continue operating each of the Open Locations, it has determined that it is in the best interest of the estate to reject the Master Leases. Absent rejection, the Debtor could be obligated to pay rent and other associated costs related to the Closed Restaurants.

17. The De Minimis Assets have no economic value to the Debtor's estate. The costs of relocating and storing the De Minimis Assets would far exceed any potential recovery from a future sale. The administrative expenses that would be incurred by the Debtor if it were to sell the De Minimis Assets from the Premises also would far exceed the net sales proceeds recovered by the Debtor.

18. The landlords with respect to the Premises also should be authorized to use or dispose of the De Minimis Assets without any further notice or liability to any party. To the extent applicable, the automatic stay should be modified to permit such seizure, use and/or disposition by the lenders and landlords.

WHEREFORE, the Debtor respectfully requests that the Court:

1. Enter an order (a) authorizing the rejection of the Leases listed on Exhibit A effective as of the Petition Date, (b) deeming abandoned the De Minimis Assets remaining at the Premises free and clear of all Encumbrances, and (c) setting a deadline for any counter-party to

the Leases to file a rejection damages claim with respect to each such Lease, with such deadline being the later of (i) sixty (60) days after entry of an Order granting the Motion or (ii) the claims date fixed by the Court for filing non-governmental claims pursuant to § 501 of the Bankruptcy Code.

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 14th day of April, 2021.

                                          SMITH, ANDERSON, BLOUNT, DORSETT,
                                             MITCHELL & JERNIGAN, L.L.P.

                                    By:   /s/ Gerald A. Jeutter, Jr.
                                           Gerald A. Jeutter, Jr.
                                           N.C. State Bar No. 17724
                                           Anna B. Osterhout
                                           N.C. State Bar No. 19841
                                           P.O. Box 2611
                                           Raleigh, North Carolina 27602
                                           Telephone:   (919) 821-1220
                                           Facsimile:   (919) 821-6800
                                           jjeutter@smithlaw.com
                                           aosterhout@smithlaw.com
                                           ATTORNEYS FOR THE DEBTOR

# EXHIBIT 1

## CLOSED LOCATIONS

| Store No. | Non-Debtor Counterparty | City/State | Lease |
|---|---|---|---|
| 662 | REIDSVILLE CORRAL GROUP LLC | Reidsville, NC | Lease agreement dated December 9, 1998, including amendments and extensions. |
| 722 | CHILLICOTHE BOWLING LANES INC | Chillicothe, OH | Lease agreement dated January 31, 2008, including amendments and extensions. |
| 2438 | ARC CAFEUSA001, LLC | Zanesville, OH | Lease agreement dated October 31, 2007, including amendments and extensions. |
| 2485 | HP-WAKE FOREST GC, LLC | Wake Forest, NC | Lease agreement dated December 27, 2007, including amendments and extensions. |
| 2508 | WSR SUMTER LLC | Sumter, SC | Lease agreement dated January 1, 2007, including amendments and extensions. |
| 2618 | THE CORRAL GROUP OF LANCASTER, LLC | Lancaster, OH | Lease agreement dated June ___, 2011, including amendments and extensions. |
| 2663 | TOLER PROPERTIES, LLC | Christiansburg, NC | Lease agreement dated September 23, 2014, including amendments and extensions. |
| 781, 814, 867, 2490,* 714, 749, 2607 | Store Master Funding III, LLC | Ashland, KY (781), Huntington, WV (814), Cross Lanes, WV (867), Parkersburg, WV (2490),* Richmond, VA (714), Glen Allen, VA (749), Charlotte, NC (2607)<br><br>*NOTE: Only 781, 814, 867 and 2490 were permanently closed as of the petition date. | Master Lease agreements dated March 28, 2013 and June 28, 2013, including amendments and extensions. |
| 656, 827, 2603,* 774, 894, 764 | SVCN 4, LC | Lexington, NC (656), Gallipolis, OH (827), Danville, VA (2603),* Roanoke, VA (774), Lynchburg, VA (894), Colonial Heights, VA (764)<br><br>*NOTE: Only 656, 827, 2603 were permanently closed as of the Petition date. | Master Lease agreement dated October 25, 2013, including amendments and extensions. |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**PLATINUM CORRAL, L.L.C.,**<br><br>                **Debtor.** | **CASE NO. 21-00833-5-JNC**<br>**CHAPTER 11** |

## NOTICE OF MOTION

TAKE NOTICE that Platinum Corral, L.L.C. ("Debtor") has filed a **Motion For An Omnibus Order (I) Authorizing And Approving Rejection Of Certain Unexpired Leases As Of The Petition Date, (II) Abandonment Of *De Minimis* Assets Free And Clear Of All Encumbrances, And (III) Granting Related Relief** (the "Motion") with the Court. A copy of said Motion is included with this Notice.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order the relief requested, or if you want the Court to consider your views on the Motion, then on or before **May 3, 2021**, unless otherwise ordered, you or your attorney must do the following:

    **1.**    File with the Court a written response explaining your position. File the response at:

    Clerk, United State Bankruptcy Court    Court's Mailing Address
    Century Station Federal Building    P. O. Box 791
    300 Fayetteville St., 4th Floor    Raleigh, NC 27602
    Raleigh, NC 27601-1799

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

    **2.**    On or before the date stated above for written responses, you must also mail, email or fax a copy of your written response to:

    Kirstin E. Gardner
    U.S. Bankruptcy Administrator's Office
    434 Fayetteville Street, Suite 640
    Raleigh, NC 27601
    Email: kirstin_gardner@ncba.uscourts.gov

# 9028812_1.Docx

Gerald A. Jeutter, Jr.
Smith, Anderson, Blount Dorsett, Mitchell & Jernigan, L.L.P.
P.O. Box 2611
Raleigh, NC 27602-2611
Fax:  919-821-6800
Telephone:  919-821-1220
Email: jjeutter@smithlaw.com

Anna B. Osterhout
Smith, Anderson, Blount Dorsett, Mitchell & Jernigan, L.L.P.
P.O. Box 2611
Raleigh, NC 27602-2611
Fax:  919-821-6800
Telephone:  919-821-1220
Email: aosterhout@smithlaw.com

  If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the Motion at a date, time and place to be later set and all parties will be notified accordingly.

  If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated:  April 14, 2021

           SMITH, ANDERSON, BLOUNT, DORSETT,
            MITCHELL & JERNIGAN, L.L.P.

           By:  /s/ Gerald A. Jeutter, Jr.
            Gerald A. Jeutter, Jr.
            NC State Bar No. 17724
            Anna B. Osterhout
            NC State Bar No. 19841
            Post Office Box 2611
            Raleigh, North Carolina 27602-2611
            Telephone: (919) 821-1220
            Facsimile: (919) 821-6800
            Email: jjeutter@smithlaw.com
            Email: aosterhout@smithlaw.com
            ATTORNEYS FOR DEBTOR