IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| In re:<br><br>PLATINUM CORRAL, L.L.C.,<br><br>    Debtor. | Case No. 21-00833-5-JNC<br><br>Chapter 11 |

**PACIFIC PREMIER BANK'S LIMITED OBJECTION TO (1) DEBTOR'S MOTION UNDER 11 U.S.C. §§ 105(a), 363(b), 364(a) AND 1107(a) (A) AUTHORIZING DEBTOR TO ENTER INTO A CRITICAL VENDOR AGREEMENT WITH MCLANE FOODSERVICE DISTRIBUTION, INC.; (B) GRANTING ADMINISTRATIVE EXPENSE PRIORITY STATUS; AND (C) GRANTING RELATED RELIEF AND (2) RESPONSE TO MOTION FOR INTERIM AND FINAL ORDERS GRANTING AUTHORITY TO USE CASH COLLATERAL**

Secured creditor Pacific Premier Bank ("Lender") files this limited objection to the Motion Under 11 U.S.C. §§ 105(a), 363(b), 364(a) And 1107(a) (A) Authorizing Debtor To Enter Into A Critical Vendor Agreement With McLane Foodservice Distribution, Inc.; (B) Granting Administrative Expense Priority Status; And (C) Granting Related Relief (the "Critical Vendor Motion") of debtor Platinum Corral, L.L.C. ("Debtor") filed April 12, 2021 [Dkt. No. 22]. Lender states as follows:

1.    As set forth in Debtor's Motion for Interim and Final Orders Granting Authority to Use Cash Collateral (the "Cash Collateral Motion") also filed April 12, 2021 [Dkt. No. 15] and the Stipulation for Use of Cash Collateral, Providing Adequate Protection, and Granting Limited Relief from the Automatic Stay attached to the Cash Collateral Motion as Exhibit A (the "Cash Collateral Stipulation"), which Lender incorporates herein, Lender is Debtor's senior

secured creditor, with a valid and perfected first priority security interest on all of Debtor's assets.

2.  Pursuant to the Critical Vendor Motion, Debtor seeks Court approval of a Critical Vendor Agreement attached as Exhibit B to the Critical Vendor Motion.[1] Debtor seeks entry of an order attached as Exhibit A to the Critical Vendor Motion approving the Critical Vendor Motion and the Critical Vendor Agreement. Lender objects on a limited basis to the Critical Vendor Motion, and requests certain modifications to the Critical Vendor Order and the Critical Vendor Agreement, as detailed in the redlines of those documents attached hereto as Exhibit 1 (Critical Vendor Order) and Exhibit 2 (Critical Vendor Agreement), and summarized as follows:

a.  clarification of the unpaid balance of the Note and the amount of McLane's 503(b)(9) claim, i.e., the Prepetition Admin Claim;

b.  the deadline for parties to object to McLane's Payment History should be the later of 60 days after the Petition Date or 30 days after McLane provides its Payment History (not solely 60 days after the Petition Date);

c.  clarification that the Prepetition Admin Claim be paid in the ordinary course of business and that the outstanding balance of the Note be repaid at $5,000 per week;

d.  clarification that McLane will continue to ship to the Debtor on 7-day payment terms so long as there is no uncured payment default;

e.  clarification that McLane cannot exercise remedies based on the Debtor's bankruptcy filing; and

f.  providing for a three (instead of one) business day cure period for payment defaults.

---

[1] Undefined terms herein have the same definitions set forth in the Critical Vendor Agreement.

3. Lender's agreement to the Cash Collateral Stipulation is contingent upon the resolution of Lender's objections to the Critical Vendor Motion. Lender and Debtor are attempting to resolve Lender's objections, and Lender is hopeful that the parties will reach a resolution prior to the hearing. However, because of the objection deadline, Lender is filing this limited objection in an abundance of caution.

4. Based on the foregoing, Lender requests that the Court condition its granting of the Critical Vendor Motion on the changes to the Critical Vendor Order attached hereto as Exhibit 1 and the changes to the Critical Vendor Agreement attached hereto as Exhibit 2.

Dated this the 15th day of April, 2021.

/s/ *Theodore A. Cohen*
Alan Feld
CA State Bar No.: 155345
Theodore A. Cohen
CA State Bar No.: 151427
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone: 213-620-1780
Email: TCohen@sheppardmullin.com
*Counsel for Pacific Premier Bank*


/s/ *Jill C. Walters*
Jill C. Walters
NC State Bar No.: 37121
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-2185
Email: jill.walters@wbd-us.com
*Local Civil Rule 83.1(d) Counsel for
   Pacific Premier Bank*

## **CERTIFICATE OF SERVICE**

I, the undersigned, or Womble Bond Dickinson (US) LLP certifies:

That I am, at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Limited Objection on;

>Platinum Corral, L.L.C.
>521 New Bridge Street
>Jacksonville, NC 28540-5430

by depositing a copy thereof in the United States Mail, First Class, postage prepaid.

That on this day, the foregoing Limited Objection was served by electronic means through the court's CM/ECF service on:

>Gerald A. Jeutter, Jr., Esq.
>Anna B. Osterhout, Esq.
>*Attorneys for Debtor*
>
>Christopher Keith Coleman, Esq.
>*Attorney for McLane Foodservice Distribution, Inc.*
>
>Pamela W. McAfee, Esq.
>Charles N. Anderson, Jr., Esq.
>*Attorneys for LBC2 Trust*
>
>Caren D. Enloe, Esq.
>Landon G. Van Winkle, Esq.
>*Attorneys for STORE Master Funding III, LLC*
>
>James B. Angell, Esq.
>*Attorney for Truist Bank*
>
>U.S. Bankruptcy Administrator

I certify under penalty of perjury that the foregoing is true and correct.

|  |  |
|---|---|
| Dated: April 15, 2021 | WOMBLE BOND DICKINSON (US) LLP |
| By: | s/ Jill C. Walters |
|  | Jill C. Walters |
|  | N.C. State Bar No. 37121 |
|  | 555 Fayetteville Street, Suite 1100 |
|  | Raleigh, NC 27601 |
|  | Telephone: (919) 755-2185 |
|  | Email: jill.walters@wbd-us.com |

*Local Counsel for Pacific Premier Bank*