**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| PLATINUM CORRAL, L.L.C. | |
| | Case No. 21-00833-5-JNC |
| Debtor. | |

**OBJECTION OF STORE MASTER FUNDING III, LLC TO DEBTOR'S**
**MOTION FOR INTERIM AND FINAL ORDERS GRANTING AUTHORITY**
**TO USE CASH COLLATERAL**

STORE Master Funding III, LLC ("Landlord"), by and through its undersigned attorneys, hereby files this objection (the "Objection") to the *Motion for Entry of Interim and Final Orders Granting Authority to Use Cash Collateral* (the "Motion") [ECF No. 15],[1] and respectfully represent as follows:

**Background**

1. On April 9, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Eastern District of North Carolina (the "Bankruptcy Court"). The Debtor continues to operate its businesses and manage its properties as debtor and debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

---

[1] Capitalized terms used but not otherwise defined here shall have the meanings ascribed to them in the Motion and accompanying documents.

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. The Debtor leases retail space (the "Premises") from Landlord, pursuant to an unexpired master lease of nonresidential real property (the "Master Lease") of the nonresidential real property locations identified on the attached Schedule A.

3. The Master Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On April 12, 2021, Debtor filed the Motion. The hearing to consider the Motion on an interim basis is scheduled for April 16, 2021 at 12:30 p.m. (Eastern Time).

5. The Motion seeks entry of interim and final orders approving a cash collateral stipulation (the "CC Stipulation") between Debtor and Pacific Premier Bank ("Lender") and authorization for Debtor to use cash collateral consistent with the terms of the CC Stipulation and a proposed cash collateral budget (the "CC Budget").

6. The CC Budget includes a line for rent and proposes rent payments in the amount of $123,000 for the week ending May 5, 2021 and $131,000 for the weeks ending June 2, 2021 and June 30, 2021. The CC Budget does not provide any detail into what payments are included in the line for rent; however, based on the base monthly rental due under the Master Lease, it is clear that Debtor has not budgeted an amount sufficient to pay the full administrative rent due under Debtor's existing leases (the "Post-Petition Rent").

7. Debtor has not sought authorization to defer rent payments.

8. At a minimum, Debtor should be required to budget and reserve the full amount of Post-Petition Rent due to Landlord under the Master Lease at the rental contract rate set forth in the Master Lease unless and until there has either been a legal determination

that no rental obligations are due for those periods, or the parties otherwise agree. Anything less shifts the risk of administrative insolvency to Landlord.

9. These circumstances provide no adequate protection for the ultimate payment of the Post-Petition Rent. Debtor and its Lender continue to benefit from the use of the Premises, while Landlord unfairly bears the risk of failure with respect to the outstanding Post-Petition Rent. Especially in a climate of continuing risk for the Debtor's business, such relief is contrary to the specific policy behind Section 365 of the Bankruptcy Code, which specifically seeks to protect landlords' right to post-petition rent payments since they are required to allow debtors to continue to use their premises, absent relief from the court.

10. Despite these failings and the inherent risk to the Debtor's ability to meet its Post-Petition Rent obligations, the Debtor seeks to waive the protections set forth in section 506(c) of the Bankruptcy Code. This provision was enacted to prevent secured creditors from forcing unsecured creditors to pay for the liquidation of the secured creditors' collateral.

11. The Court should require the Debtor to pay the Post-Petition Rent in accordance with Section 365(d)(3). The Court should not allow the Debtor to utilize the Premises without providing adequate protection to the Landlord with respect to its post-petition rent obligations. Anything less results in the Debtor and its Lender using the bankruptcy process to gain rent-free use of the Premises, relegating the Landlord to the position of an involuntary, unsecured, interest-free lender to the estate. The Court should not permit the Lender and Debtor to force the Landlord to fund the Debtor's reorganization

without paying for the use and occupancy of the Premises during the post-petition period or providing adequate protection that those costs will be paid.

## Argument

**A.  The Court should order the Debtor to reserve, budget and escrow for the payment of Post-Petition Rent for the post-petition use and occupancy of the Premises as part of any Order on the Motion.**

12. Landlord does not oppose the Debtor's need for use of cash collateral provided Landlord receives adequate protection that it will receive payment in full of the Post-Petition Rent accruing under the Master Lease, whether the Master Lease is ultimately assumed or rejected. During this time, Landlord will be providing critical benefits to the Debtor in terms of secured storage of its property at the Premises, and continued use of the Premises.

13. While Landlord may not recover on account of the significant pre-petition rent that the Debtor has failed to pay, this Court should not also permit the Debtor to avoid paying (or budgeting, reserving, and escrowing) for its post-petition use and occupancy of the Premises, while availing itself of the benefits of the Bankruptcy Code (and simultaneously avoiding its obligations). There is ample support to reserve or escrow payments of the Post-Petition Rent in the Bankruptcy Code.

### *i.  Post-Petition Rent should be paid under the Master Lease.*

14. Landlord should not bear the risk of administrative insolvency, while Debtor and Lender are permitted to benefit from the continued use and occupancy in the Premises. The Court should direct the Debtor or Lender to account for the payment of all Post-Petition

Rent in the Budget through the assumption, assumption and assignment, or rejection of the Master Lease. *See, e.g., In re ZB Company, Inc.*, 302 B.R. 316, 320 (Bankr. D. Del. 2003) (holding that rent should be paid to landlords on a per diem basis during the pre-rejection period in order to avoid the potential that the landlord could be left with an allowed administrative claim against an administratively insolvent estate).

15. No provision of the Bankruptcy Code permits the Debtor to receive the benefits and protections of chapter 11 while simultaneously shirking all attendant obligations, and the Court should not approve any such relief here.

> ii. *Based on the potential for administrative insolvency, the Court should require the payment of Post-Petition Rent as adequate protection under Section 363(e)*

16. The budgeting for payment and segregation of all Post-Petition Rent is warranted as adequate protection as a condition of a sale or plan that involves the use of the Premises under Section 363(e), which provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, ***the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest***. . . . (Emphasis added).

11 U.S.C. § 363(e).

17. Section 363(e) provides a basis to grant adequate protection to real property lessors in the form of budgeting for the payment or reserving for the Post-Petition Rent. *See, e.g., Matter of Cont'l Airlines, Inc.*, 154 B.R. 176, 180 (Bankr. D. Del. 1993) (finding that adequate protection is available under § 363(e) for a decrease in value due to the use,

sale, *or lease* of an entity's interest in property) (emphasis added); *In re P.J. Clarke's Rest. Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (providing that a "landlord's right to adequate protection seems to follow clearly from the language of Section 363(e)"); *In re Ernst Home Center, Inc.*, 209 B.R. 955, 966-67 (Bankr. W.D. Wash. 1997) (finding that adequate protection is available to real property lessors under Section 363(e)); *In re RB Furniture, Inc.*, 141 B.R. 706, 713-14 (Bankr. C.D. Cal.1992) (adequate protection under Section 363(e) may even be broader than the rights encompassed under Section 365(d)(3), given it "is a fluid concept that reflects all the circumstances surrounding a debtor's use of property").

18. In such circumstances, it is appropriate for adequate protection to take the form of either immediate cash payments for post-petition use of the Premises, or the budgeting and reserving of Post-Petition Rent as a condition of a plan or sale. *See* 11 U.S.C. § 361; *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 794 (Bankr. D. Del. 2002). Where there is a chance of administrative insolvency, simply allowing an administrative expense claim for the Post-Petition Rent will not adequately protect Landlord. *See* 11 U.S.C. § 361(3). In fact, Section 361(3) makes clear that adequate protection may not take the form of a deferred administrative claim.

19. Though the Debtor is operating fully at certain of the Premises, there is substantial uncertainty with respect to its ability to return to full operations in light of the COVID-19 pandemic. Unlike other creditors, Landlord has no choice but to allow the Debtor to continue to use and occupy its Premises. Landlord wishes to maintain a relationship with the Debtor, but not at its sole expense. Everyone, including Landlord, is

hopeful that the Debtor will be successful in its reorganization, but the outcome remains uncertain at this time and Landlord should not shoulder the risk associated with this uncertainty and potential administrative insolvency. The Court should require the Debtor to budget and reserve or escrow for the payment of the Post-Petition Rent, as adequate protection for the continued use of the Premises after the Petition Date through the confirmation of a plan or consummation of a sale, which Post-Petition Rent is required to be paid in accordance with Section 365(d)(3) notwithstanding Section 503(b) of the Bankruptcy Code.

## **Joinder in Objections Raised by Other Landlords**

20. To the extent consistent with the objections expressed herein, Landlord also joins in the objections of any other shopping center lessors to the Debtor's proposed relief.

[Remainder of page intentionally blank]

## Conclusion

The Court should require that the order approving the Motion on an interim basis be modified consistent with this Objection and grant such further relief as the Court deems proper.

**WHEREFORE**, Landlord respectfully request that the Bankruptcy Court grant relief consistent with the foregoing Objection; and for such other and further relief as may be just and required under all of the circumstances.

Dated this 15th day of April, 2021.

        By: */s/ Michael A. DiGiacomo*
        Craig Solomon Ganz
        Michael DiGiacomo
        BALLARD SPAHR LLP
        1 E. Washington Street, Suite 2300
        Phoenix, Arizona 85004
        Phone: 602-798-5400
        Email: ganzc@ballardspahr.com
        Email: digiacomom@ballardspahr.com
        *Counsel for STORE Master Funding III, LLC*

        */s/ Caren D. Enloe*
        Caren D. Enloe
        NC State Bar No. 17394
        SMITH DEBNAM NARRON DRAKE
        SAINTSING & MYERS, LLP
        4601 Six Forks Road, Suite 400
        Raleigh, NC 27609
        Phone: (919) 250-2125
        Email: cenloe@smithdebnamlaw.com
        *Local Civil Rule 83.1(d) Counsel*

## Schedule A

Properties Subject to Second Amended and Restated Master Lease Agreement by and between STORE Master Funding III, LLC and Platinum Corral, LLC

- 21 Russell Plaza, Ashland, KY 41101

- 5177 Midland Trail, Huntington, WV 25705

- 1302 Garfield Ave, Parkersburg, WV 26101

- 412 New Goff Mountain Road, Cross Lanes, WV 25313

- 771 N. Tryon Street, Charlotte, NC

- 11 S. Providence Rd., North Chesterfield, VA

- 4050 Gaskins Rd., Glen Allen, VA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 21-00833-5-JNC |
| ) | |
| PLATINUM CORRAL, L.L.C., ) | CHAPTER 11 |
| ) | |
| DEBTOR. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I, Michael A. DiGiacomo, of Ballard Spahr LLP, state under penalty of perjury:

That I am, and at all times hereinafter-mentioned was, more than eighteen (18) years of age; and

That on the 15th day of April, 2021, I served copies of the foregoing **OBJECTION OF STORE MASTER FUNDING III, LLC TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS GRANTING AUTHORITY TO USE CASH COLLATERAL** upon the following parties in interest by mailing a copy thereof, postage prepaid to the following addressees:

Platinum Corral, L.L.C.
521 New Bridge Street
Jacksonville, North Carolina 28540-5430
*Debtor*

1053 Lenoir Rhyne Boulevard LLC
Attn: Mr. and Mrs. Russell Wachtier
740 Saint Nicholas Ave., Room 2
New York, New York 10031

ARC Cafeusa001 LLC
Attn: Officer, Manager, Agent
Post Office Box 29650
Phoenix, Arizona 85038

Brinks Inc.
Attn: Officer, Manager, Agent
7373 Solutions Center
Chicago, Illinois 60677

Dogwood State Bank
Attn: Officer, Manager, Agent
5401 Six Forks Road, Suite 100
Raleigh, North Carolina 27609

Douglas Ray Higdon
391 Foxwood Drive
Richmond, Kentucky 40475

Greenup County Sheriff
Attn: Officer, Manager, Agent
Post Office Box 318

HP-Wakeforest GC, LLC
Attn: Officer, Manager, Agent
Post Office Box 19669

| | |
|---|---|
| Greenup, Kentucky 41144 | Raleigh, North Carolina 27619 |
| Noble Properties, Inc.<br>Attn: Officer, Manager, Agent<br>4280 Professional Center Drive, Suite 100<br>Palm Beach Gardens, Florida 33410 | Northeast Bank<br>Attn: Loan Servicing Department<br>Post Office Box 171769<br>Boston, Massachusetts 02117 |
| SBBH Golden Corral, LLC<br>Attn: Officer, Manager, Agent<br>101 S. Kings Drive, Suite 200<br>Charlotte, North Carolina 28204 | Shuler Meats<br>Attn: Officer, Manager, Agent<br>124 Shuler Road<br>Thomasville, North Carolina 27360 |
| Sumter County Treasurer<br>Attn: Officer, Manager, Agent<br>Post Office Box 100140<br>Columbia, South Carolina 29202 | SVCN 4 LLC<br>c/o: The RMR Group LLC<br>Attn: Officer, Manager, Agent<br>255 Washington Street, Suite 300<br>Newton, Massachusetts 02458 |
| The Loan Source<br>Attn: Officer, Manager, Agent<br>353 E. 83rd Street<br>New York, New York 10028 | Toler Properties, LLC<br>Attn: Officer, Manager, Agent<br>330 Harper Park Drive, Suite G<br>Beckley, West Virginia 25801 |
| US Foods Inc.<br>Attn: Officer, Manager, Agent<br>Post Office Box 602292<br>Charlotte, North Carolina 28260 | Wake County Tax Administration<br>Attn: Officer, Manager, Agent<br>Post Office Box 580084<br>Charlotte, North Carolina 28258 |
| WSR Sumter<br>c/o: West Realty Group<br>Attn: Officer, Manager, Agent<br>875 Saint Nicholas Avenue, Apartment 1<br>New York, New York 10032 | |

and by electronic mail via CM/ECF filing to the following:

| | |
|---|---|
| Charles N. Anderson, Jr.<br>Pamela W. McAfee<br>Ellis & Winters LLP<br>PO Box 33550<br>Raleigh, NC 27636 | James B Angell<br>Joseph H. Stallings<br>Howard, Stallings, From & Hutson, P.A.<br>PO Box 12347<br>Raleigh, NC 27605-2347 |

*Counsel for LBC2 Trust*

Theodore A. Cohen
Alan Feld
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071

Jill Walters
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601

*Counsel for Pacific Premier Bank*

Gerald A. Jeutter, Jr.
Anna B. Osterhourt
Smith Anderson, LLP
PO Box 2611
Raleigh, NC 27601-2611

*Counsel for the Debtor*

John A. Northen
Northen Blue, LLP
PO Box 2208
Chapel Hill, NC 27515-2208

*Counsel for Golden Corral Franchising Systems, Inc.*

*Counsel for Truist Bank*

Christopher K. Coleman
Jonathan T. Edwards
Alston & Bird LLP
1201 W. Peachtree Street
Suite 4900
Atlanta, GA 30309

*Counsel for McLane Foodservice Distribution, Inc.*

Kirstin E. Gardner
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601

*Counsel for the Bankruptcy Administrator*

This the 15th day of April, 2021.

                                                    */s/ Michael A. DiGiacomo*
                                                    Michael A. DiGiacomo