IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| In re:<br><br>PLATINUM CORRAL, L.L.C.,<br><br>Debtor. | Case No. 21-00833-5-JNC<br><br>Chapter 11 |

**PACIFIC PREMIER BANK'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR AN OMNIBUS ORDER (I) AUTHORIZING AND APPROVING REJECTION OF CERTAIN UNEXPIRED LEASES AS OF THE PETITION DATE, (II) ABANDONMENT OF *DE MINIMIS* ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF**

Secured creditor Pacific Premier Bank ("Lender") files this limited objection to the Motion for an Omnibus Order (I) Authorizing and Approving Rejection of Certain Unexpired Leases as of the Petition Date, (II) Abandonment of *De Minimis* Assets Free and Clear of all Encumbrances, and (III) Granting Related Relief (the "Lease Rejection Motion") of debtor Platinum Corral, L.L.C. ("Debtor") filed April 14, 2021 [Dkt. No. 49]. Lender states as follows:

1. As set forth in Debtor's Motion for Interim and Final Orders Granting Authority to Use Cash Collateral filed April 12, 2021 [Dkt. No. 15], including the Stipulation for Use of Cash Collateral, Providing Adequate Protection, and Granting Limited Relief from the Automatic Stay attached thereto as <u>Exhibit A</u> (the "Cash Collateral Stipulation"), and the Order Authorizing Interim Use of Cash Collateral, Setting Final Hearing, and Granting Limited Relief From Stay entered by this Court on April 21, 2021 [Dkt. No. 74], which Lender incorporates herein, Lender is Debtor's senior secured creditor, with a valid and perfected first priority security interest on all of Debtor's assets.

2. Pursuant to the Lease Rejection Motion, Debtor seeks to reject the real property leases covering the Premises,[1] and abandon, free and clear of Encumbrances, the De Minimis Assets. The De Minimis Assets are subject to Lender's security interest, and are therefore subject to Lender's liens. Pursuant to this limited objection, Lender objects to the proposed treatment of the De Minimis Assets, requests that any order granting the Lease Rejection Motion address Lender's objections, and seeks clarification and information, all as follows:

a. Debtor seeks to abandon the De Minimis Assets "free and clear of Encumbrances". Pursuant to Lender's blanket lien on Debtor's assets, Lender has a security interest in the De Minimis Assets, which are therefore Lender's collateral. There is no legal basis to abandon the De Minimis Assets free and clear of Lender's lien thereon, and Lender requests that any order granting the Lease Rejection Motion provide that Debtor's abandonment of the De Minimis Assets is subject to Lender's liens.

b. Similarly, Debtor proposes that the landlords under the rejected leases be authorized to use or dispose of the De Minimis Assets without any further notice or liability to any party, and to the extent applicable, the landlords be granted relief from stay to undertake such use or disposition (Lease Rejection Motion, ¶ 18). Such relief is not appropriate. The landlords must recognize Lender's lien rights in the De Minimis Assets and comply with all applicable non-bankruptcy legal (including statutory and common law) and contractual obligations of the landlords and rights of Lender.

c. Apparently, in addition to the De Minimis Assets currently located at the Premises, there is additional tangible personal property that Debtor has removed from the Premises (the "Relocated Assets") (Lease Rejection Motion, ¶ 10). The Relocated Assets are

---

[1] Undefined terms herein have the same definitions set forth in the Lease Rejection Motion.

also subject to Lender's lien and are therefore Lender's collateral.  Debtor should inform the Court and Lender of the specific location(s) of the Relocated Assets.

        d.      In the Cash Collateral Stipulation (Recital J.), Debtor indicated that five (5) of its leases were terminated pre-petition.  Three of those leases, however, are included on Exhibit A to the Lease Rejection Motion: Reidsville (Store 662), Chillicothe (Store 722), and Lancaster (Store 2618).  Lender requests that Debtor clarify whether such leases were terminated pre-petition (and if so, presumably would not need to be rejected).

3.      Based on the foregoing, Lender requests that the Court condition its granting of the Lease Rejection Motion on (i) including in any order granting the Lease Rejection Motion language addressing Lender's objections in paragraphs 2(a) and 2(b) above, (ii) informing the Court and Lender of the location(s) of the Relocated Assets, and (iii) clarifying the status of the three leases noted in paragraph 2(d) above.

Dated this the 26th day of April, 2021.

/s/ *Theodore A. Cohen*
Alan Feld
CA State Bar No.: 155345
Theodore A. Cohen
CA State Bar No.: 151427
SHEPPARD, MULLIN, RICHTER & HAMPTON  LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:  213-620-1780
Email: TCohen@sheppardmullin.com
*Counsel for Pacific Premier Bank*


/s/ *Jill C. Walters*
Jill C. Walters
NC State Bar No.: 37121
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone:  919-755-2185

          Email: jill.walters@wbd-us.com
*Local Civil Rule 83.1(d) Counsel for*
  *Pacific Premier Bank*

# CERTIFICATE OF SERVICE

I, the undersigned, or Womble Bond Dickinson (US) LLP certifies:

That I am, at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Limited Objection on;

>Platinum Corral, L.L.C.
>521 New Bridge Street
>Jacksonville, NC 28540-5430

by depositing a copy thereof in the United States Mail, First Class, postage prepaid.

That on this day, the foregoing Limited Objection was served by electronic means through the court's CM/ECF service on:

>Gerald A. Jeutter, Jr., Esq.
>Anna B. Osterhout, Esq.
>*Attorneys for Debtor*
>
>Christopher Keith Coleman, Esq.
>*Attorney for McLane Foodservice Distribution, Inc.*
>
>Pamela W. McAfee, Esq.
>Charles N. Anderson, Jr., Esq.
>*Attorneys for LBC2 Trust*
>
>Caren D. Enloe, Esq.
>Landon G. Van Winkle, Esq.
>*Attorneys for STORE Master Funding III, LLC*
>
>James B. Angell, Esq.
>Joseph H. Stallings, Esq.
>*Attorneys for Truist Bank*
>
>John A. Northen, Esq.
>*Attorneys for Golden Corral Franchising Systems, Inc.*
>
>Felton E. Parrish, Esq.
>John Madison Spencer, Esq.
>*Attorneys for SBBH Golden Corral, LLC*
>
>Cindy G. Oliver, Esq.
>*Attorney for Dogwood State Bank*
>
>U.S. Bankruptcy Administrator

I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 26, 2021                    WOMBLE BOND DICKINSON (US) LLP

                                    By:    s/ Jill C. Walters
                                                Jill C. Walters
                                                N.C. State Bar No. 37121
                                                555 Fayetteville Street, Suite 1100
                                                Raleigh, NC 27601
                                                Telephone: (919) 755-2185
                                                Email: jill.walters@wbd-us.com
                                                *Local Civil Rule 83.1(d) Counsel for*
                                                *Pacific Premier Bank*